UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNY LEWIS BOYKINS,

    Plaintiff,

v.                                                        Case No: 8:20-mc-41-T-23JSS

DEUTSCHE BANK NATIONAL TRUST
COMPANY, JULIUS L. WILLIAMS,
DEBORAH J. MILTON, WANDA
BROOKS JONES, AMY WILLIAMS,
CAROL BOWENS, HAROLD H.
BROOKS, ALDRIDGE PIKE,
STEPHANIE BYARD, RS INVESTMENT
PROPERTIES, LLC and SEASIDE
PROPERTIES SOLUTIONS, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), which the Court construes as a Motion for Leave to Proceed *in Forma Pauperis* ("Motion"). Upon consideration, it is recommended that the Motion be denied without prejudice and Plaintiff's Complaint[1] be dismissed without prejudice.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security. 28 U.S.C. § 1915(a)(1). A court's decision to grant *in forma pauperis* status is discretionary. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). When considering a motion filed under Section 1915(a), "'[t]he only determination to be made by the court . . . is whether the statements in the affidavit

---

[1] Because Plaintiff is proceeding pro se, the Court construes Plaintiff's initial filing (Dkt. 1) as a complaint. *See, e.g.*, *Smith v. McDonough*, No. 3:07-cv-546-J-32HTS, 2007 WL 1796264, at *3 (M.D. Fla. June 20, 2007) (construing a pro se plaintiff's motion as a complaint).

satisfy the requirement of poverty.'" *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).  However, when an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint must be dismissed because it fails to properly and clearly state claims under the Federal Rules of Civil Procedure.  Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules," *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).  It appears that Plaintiff is attempting to sue multiple entities in connection with the foreclosure of a property to which Plaintiff claims ownership.  (Dkt. 1 at 2; Dkt. 1-1 ¶¶ 2, 5, 9.)

Plaintiff's Complaint fails to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a).  Under Rule 8, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  Fed. R. Civ. P. 8(a).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Complaints that violate Rule 8(a) are often referred to as "shotgun pleadings." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").  The Eleventh Circuit has identified four general categories of shotgun pleadings.

*Id.* at 1320–21.  The first type of shotgun pleading is a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."  *Id.* at 1321.  The second type of shotgun pleading is the complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1321-22.  The third type of shotgun pleading is one that fails to separate into a different count each cause of action or claim for relief.  *Id.* at 1322-23.  The last type of shotgun pleading is one that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 1323.

In this case, Plaintiff's Complaint fails to state any basis for the Court's jurisdiction or allege cognizable claims for relief.  Instead, the Complaint refers to myriad legal theories and does not allege any basis for jurisdiction in federal court.  In this regard, the Complaint fails to satisfy Rule 8(a), which requires "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief."

In addition, Plaintiff's Complaint falls within the second, third, and fourth categories of shotgun pleadings.  First, Plaintiff's two claims, labeled "Conspiracy Claim" and "Monetary Damage Claim," incorporate numerous general allegations, which are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *See Weiland*, 792 F.3d at 1322 n. 12.  For example, Plaintiff refers to "fraudulent documents," "frivolous claims," "fraudulent foreclosure/consent," conspiracy, racketeering, tax evasion, and elder abuse and neglect—all without stating these allegations as claims for relief or explaining

their relation to Plaintiff's two stated claims for relief.  (Dkt. 1-1 ¶¶ 2, 5, 9, 13.)  *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing a complaint as "a perfect example of 'shotgun' pleading because it was "virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief").

Second, Plaintiff's Complaint has failed to separate his claims into distinct counts.  Specifically, although Plaintiff's Complaint contains a claim labeled "conspiracy" and a claim for monetary damages (Dkt. 1-1 at 5), these claims appear to merely incorporate the remainder of Plaintiff's conclusory allegations and references to various legal theories.  Thus, Plaintiff's Complaint suffers from defects common to the third type of shotgun pleading.

Finally, although Plaintiff attempts to allege claims against multiple defendants, the Complaint does not fully specify "which of the defendants are responsible for which acts or omissions, or which of the defendants [each] claim is brought against."  *Weiland*, 792 F.3d at 1323 n. 14.  Throughout the Complaint, Plaintiff makes allegations regarding "Defendant(s)," with no explanation as to which defendant the allegation relates.  *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged.").  Thus, for all of the above reasons, Plaintiff's Complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1323.

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's construed Motion for Leave to Proceed *in Forma Pauperis* (Dkt. 2) be **DENIED** without prejudice.

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED** without prejudice and with leave to file an amended complaint that complies with the Federal Rules of Civil Procedure.  *See*

*Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice") (internal quotation and citation omitted). It is recommended that the amended complaint, if any, be due within twenty (20) days of the date this Report and Recommendation becomes final.

**IT IS SO REPORTED** in Tampa, Florida, on September 14, 2020.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Steven D. Merryday
Unrepresented Party